1  Thomas C. Brodersen #128411
   **WILLIAMS, BRODERSEN & PRITCHETT LLP**
2  2222 West Main Street
   Visalia, California 93291
3  Telephone: (559) 635-9000
   Facsimile: (559) 635-9085
4  *E-mail: brodersen@wbplawyers.com*

5  Lawson Fite (Ore. Bar #055573) *Pro Hac Vice Pending*
   **American Forest Resource Council**
6  5100 S.W. Macadam, Suite 350
   Portland, Oregon 97239
7  Telephone: (503) 222-9505
   Fax: (503) 222-3255
8  *E-mail: lfite@amforest.org*

9  Attorneys for Proposed Defendant-Intervenor

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| SEQUOIA FORESTKEEPER, | Case No. 1:16-cv-00759-AWI-JLT |
| Plaintiff, | |
| vs. | **[PROPOSED] DEFENDANT-INTERVENOR'S ANSWER** |
| ERIC LA PRICE, in his official capacity as District Ranger for the Western Divide Ranger District of the Sequoia National Forest; ALFRED WATSON, in his official capacity as District Ranger for the Kern River Ranger District of the Sequoia National Forest; KEVIN ELLIOT, in his official capacity as Forest Supervisor of the Sequoia National Forest; and THE UNITED STATES FOREST SERVICE, | |
| Defendants, | |
| and | |
| SIERRA FOREST PRODUCTS, a California Corporation, | |
| Proposed Defendant-Intervenor. | |

For its Answer to plaintiff's Complaint, proposed defendant-intervenor Sierra Forest Products ("Sierra") states:

**INTRODUCTION**

1. The allegations in paragraph 1, first sentence, are characterizations of plaintiff's case which require no response. To the extent a response may be deemed required, Sierra denies the allegations. Sierra admits the second sentence, and further states that it has no plans to operate the Rancheria Stewardship Contract during 2016.

2. The allegations in paragraph 2 are characterizations of plaintiff's case which require no response. To the extent a response may be deemed required, Sierra denies the allegations.

3. In response to paragraph 3, first sentence, Sierra admits that the Pacific fisher is listed as a sensitive species by Region 5 of the U.S. Forest Service, but the remaining allegations in the first sentence are conclusions of law requiring no response. To the extent a response may be deemed required, Sierra denies the allegations. Sierra lacks information sufficient to form a belief as to the truth of the allegations in the second and third sentences, and on that basis denies the same.

4. Admit the first sentence. Admit the second sentence, with the exception that the allegation regarding "core fisher habitat" is denied, and Sierra avers, in further response, that the Frog project proposes to treat 855 acres within habitat rated as moderate or high quality for fishers by the California Wildlife Habitat Relationships classification system, version 2.1 ("CHWR 2.1"). The allegations in the third and fourth sentences purport to characterize legal filings and rulings in *Sierra Club, et al. v. Bosworth, et al.*, No. 3:05-cv-00397-CRB (N.D. Cal.), including the decision reported at 465 F. Supp. 2d 931 (N.D. Cal. 2006) ("*Bosworth*"), which speak for themselves and are the best evidence of

Williams, Brodersen & Pritchett LLP
2222 West Main Street
Visalia, CA 93291

1 their contents. Accordingly, no response is required. To the extent a response may be
2 deemed required, Sierra denies the allegations. Sierra denies the fifth sentence.

3     5. In response to the first sentence, admit that Judge Breyer lifted the injunction
4 in 2013, and further state that plaintiffs in *Bosworth*, including Sequoia ForestKeeper, did
5 not oppose the Motion to Dissolve Injunction. The remainder of the first sentence purports
6 to characterize Revision 1 to the Environmental Assessment for the 2000 Frog Project Area
7 Analysis (April 2012), a document which speaks for itself and is the best evidence of its
8 contents, and accordingly no response is required. To the extent a response may be deemed
9 required, Sierra denies the allegations. In response to the second sentence, admit Sierra
10 holds the contract for Frog Thinning and that operations began in 2015, but denies that a
11 "substantial" number of units remain on the contract. Admit the third sentence.

12     6. Admit, with the exception that Sierra denies the allegation regarding "core"
13 fisher habitat and further states that the Rancheria Forest Restoration Project ("Rancheria")
14 proposes to treat 4,509 acres within habitat rated as moderate or high quality for fishers by
15 CWHR 2.1.

16     7. Sierra lacks information sufficient to form a belief as to the truth of the
17 allegations in paragraph 7, and on that basis denies the same. To the extent the allegations
18 characterize the injunction in *Bosworth*, the injunction speaks for itself and is the best
19 evidence of its contents, and accordingly no response is required. To the extent a response
20 may be deemed required, Sierra denies the allegations.

21     8. Responding to the first sentence, deny the allegation that the referenced
22 activities are likely to affect the fisher in a manner and extent not previously considered.
23 Sierra lacks information sufficient to form a belief as to the truth of the remaining
24 allegations in the first sentence, and as to all allegations in the second and third sentences,
25 and on that basis denies the same.

Williams, Brodersen & Pritchett LLP
2222 West Main Street
Visalia. CA 93291

9. Sierra lacks information sufficient to form a belief as to the truth of the allegations in the first sentence, and on that basis denies the same. Deny the second and third sentences.

10. The allegations in paragraph 10 purport to characterize the Fisher Conservation Strategy, a document which speaks for itself and is the best evidence of its contents. Accordingly, no response is required. To the extent a response may be deemed required, Sierra denies the allegations.

11. Sierra lacks information sufficient to form a belief as to the truth of the allegations in paragraph 11, and on that basis denies the same.

12. Deny.

13. In response to the first sentence, Sierra admits that many trees have died in recent years in the Sequoia National Forest due to drought and other factors, but lacks information sufficient to form a belief as to the truth of the remaining allegations in the first sentence, and all allegations in the second sentence, and on that basis denies the same. Sierra denies the third sentence.

14. Deny.

**JURISDICTION AND VENUE**

15. The allegations in paragraph 15 are conclusions of law requiring no response. To the extent a response may be deemed required, Sierra denies the allegations.

16. The allegations in paragraph 16 are conclusions of law requiring no response. To the extent a response may be deemed required, Sierra denies the allegations.

17. The allegations in paragraph 17 are conclusions of law requiring no response. To the extent a response may be deemed required, Sierra denies the allegations.

Williams, Brodersen & Pritchett LLP
2222 West Main Street
Visalia, CA 93291

## INTRADISTRICT VENUE

18. The allegations in paragraph 18 are conclusions of law requiring no response. To the extent a response may be deemed required, Sierra denies the allegations.

## PARTIES

19. Sierra lacks information sufficient to form a belief as to the truth of the allegations in paragraph 19, and on that basis denies the same.

20. Deny the first, third, and fourth sentences. Sierra lacks information sufficient to form a belief as to the truth of the allegations in paragraph 20, third sentence, and on that basis denies the same.

21. Admit.

22. Admit.

23. Admit

24. Admit, with the exception that the statement "holds in trust" is a legal conclusion requiring no response. To the extent a response may be deemed required, Sierra denies the allegation.

## FACTS

25. Admit.

26. Admit the first sentence. In response to the second sentence, the terms "essential," "key," and "forest-dependent" are vague and ambiguous, such that Sierra is unable to formulate a meaningful response. To the extent a response may be deemed required, Sierra denies the allegations.

Williams, Brodersen & Pritchett LLP
2222 West Main Street
Visalia. CA 93291

27. Admit that many trees have died in the southern Sierras in recent years, but otherwise lack information to form a belief as to the truth of the allegations, and on that basis deny the same.

28. Admit.

29. Sierra lacks information to form a belief as to the truth of the allegations in paragraph 29, and on that basis denies the same.

30. Sierra lacks information to form a belief as to the truth of the allegations in paragraph 30, and on that basis denies the same.

31. Admit.

32. Admit the first and second sentences. Deny the third sentence.

33. The allegations in paragraph 33 purport to characterize certain publications, which speak for themselves and are the best evidence of their contents. Accordingly, no response is required. To the extent a response may be deemed required, Sierra denies the allegations.

34. The allegations in paragraph 34 purport to characterize a publication known as Zielinski et al. 2013b, which speaks for itself and is the best evidence of its contents. Accordingly, no response is required. To the extent a response may be deemed required, Sierra denies the allegations.

35. The allegations in paragraph 35 purport to characterize the Fisher Conservation Strategy, which speaks for itself and is the best evidence of its contents. Accordingly, no response is required. To the extent a response may be deemed required, Sierra denies the allegations.

36. The allegations in paragraph 36 purport to characterize the Fisher Conservation Strategy, which speaks for itself and is the best evidence of its contents.

Accordingly, no response is required. To the extent a response may be deemed required, Sierra denies the allegations.

37. The allegations in paragraph 37 purport to characterize the Fisher Conservation Strategy, which speaks for itself and is the best evidence of its contents. Accordingly, no response is required. To the extent a response may be deemed required, Sierra denies the allegations.

38. The allegations in paragraph 38 purport to characterize certain publications, which speak for themselves and are the best evidence of their contents. Accordingly, no response is required. To the extent a response may be deemed required, Sierra denies the allegations.

39. Deny.

40. Sierra lacks information to form a belief as to the truth of the allegations in paragraph 40, and on that basis denies the same.

41. Sierra lacks information to form a belief as to the truth of the allegations in paragraph 41, and on that basis denies the same.

42. Deny.

43. Sierra lacks information to form a belief as to the truth of the allegations in paragraph 43, and on that basis denies the same.

44. Sierra lacks information to form a belief as to the truth of the allegations in paragraph 44, and on that basis denies the same.

45. Admit.

46. Sierra lacks information to form a belief as to the truth of the allegations in paragraph 46, and on that basis denies the same.

47. Sierra lacks information to form a belief as to the truth of the allegations in paragraph 47, and on that basis denies the same.

**Williams, Brodersen & Pritchett LLP**
2222 West Main Street
Visalia, CA 93291

48. Sierra lacks information to form a belief as to the truth of the allegations in paragraph 48, and on that basis denies the same.

49. Sierra lacks information to form a belief as to the truth of the allegations in paragraph 49, and on that basis denies the same.

50. Sierra lacks information to form a belief as to the truth of the allegations in paragraph 50, and on that basis denies the same.

51. Sierra lacks information to form a belief as to the truth of the allegations in paragraph 51, and on that basis denies the same.

52. Sierra lacks information to form a belief as to the truth of the allegations in paragraph 52, and on that basis denies the same.

53. Sierra lacks information to form a belief as to the truth of the allegations in paragraph 53, and on that basis denies the same.

54. Sierra lacks information to form a belief as to the truth of the allegations in paragraph 54, and on that basis denies the same.

55. Paragraph 55 states conclusions of law which require no response. To the extent a response may be deemed required, Sierra denies the allegations.

56. Paragraph 56 states conclusions of law which require no response. To the extent a response may be deemed required, Sierra denies the allegations.

57. Paragraph 57 states conclusions of law which require no response. To the extent a response may be deemed required, Sierra denies the allegations.

58. Paragraph 58 states conclusions of law which require no response. To the extent a response may be deemed required, Sierra denies the allegations.

59. Paragraph 59 states conclusions of law which require no response. To the extent a response may be deemed required, Sierra denies the allegations.

Williams, Brodersen & Pritchett LLP
2222 West Main Street
Visalia, CA 93291

60. Paragraph 60 states conclusions of law which require no response. To the extent a response may be deemed required, Sierra denies the allegations.

61. Paragraph 61 states conclusions of law which require no response. To the extent a response may be deemed required, Sierra denies the allegations.

62. Paragraph 62 states conclusions of law which require no response. To the extent a response may be deemed required, Sierra denies the allegations.

63. Paragraph 63 states conclusions of law which require no response. To the extent a response may be deemed required, Sierra denies the allegations.

64. Paragraph 64 states conclusions of law which require no response. To the extent a response may be deemed required, Sierra denies the allegations.

65. Paragraph 65 states conclusions of law which require no response. To the extent a response may be deemed required, Sierra denies the allegations.

66. Paragraph 66 states conclusions of law which require no response. To the extent a response may be deemed required, Sierra denies the allegations.

67. Paragraph 67 states conclusions of law which require no response. To the extent a response may be deemed required, Sierra denies the allegations.

## CLAIM FOR RELIEF

68. Sierra incorporates its responses to paragraphs 1-67 by reference.

69. Deny.

70. Deny.

71. Paragraph 71 states conclusions of law which require no response. To the extent a response may be deemed required, Sierra denies the allegations.

72. Paragraph 72, first, second, and third sentences, states conclusions of law which require no response. To the extent a response may be deemed required, Sierra denies the allegations. Sierra denies the fourth sentence.

73. Deny.

74. Paragraph 74 states conclusions of law which require no response. To the extent a response may be deemed required, Sierra denies the allegations.

75. Paragraph 75, first sentence, states conclusions of law which require no response. To the extent a response may be deemed required, Sierra denies the allegations. Deny the second sentence.

76. Deny.

77. Deny.

## REQUEST FOR RELIEF

78. The remainder of plaintiff's Complaint consists of the prayer for relief, to which no response is required. To the extent a response may be deemed required, Sierra denies the allegations.

## GENERAL DENIAL

79. Sierra denies each and every allegation of plaintiff's Complaint not expressly admitted or qualified herein.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
### (Failure to state a claim)

80. Plaintiffs have failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to exhaust)

81. Plaintiffs have failed to exhaust administrative remedies.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver/Estoppel)

82. Plaintiff consented to the 2013 dissolution, in *Bosworth*, of the injunction against the Frog Project, and are thereby barred from presenting some or all claims by waiver or estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Issue or Claim Preclusion)

83. Some or all of plaintiff's claims were, or could have been, adjudicated in *Bosworth* or in previous litigation in this Court regarding Rancheria. *Sequoia ForestKeeper v. Elliott*, No. 1:13-cv-01721-AWI-JLT. The claims are therefore barred by issue preclusion (collateral estoppel) or claim preclusion (res judicata).

WHEREFORE, Sierra Forest Products respectfully requests that the Court deny plaintiff's request for relief, that plaintiff take nothing, and dismiss the case with prejudice.

DATED: July 7, 2016.

**WILLIAMS, BRODERSEN & PRITCHETT LLP**

By /s/ Thomas C. Brodersen
Thomas C. Brodersen

**American Forest Resource Council**

By /s/ Lawson Fite
Lawson Fite

Attorneys for Proposed Defendant-Intervenor

Williams, Brodersen & Pritchett LLP
2222 West Main Street
Visalia, CA 93291

CERTIFICATE OF SERVICE

I, Thomas C. Brodersen, hereby certify that I, on July7, 2016, I caused the foregoing to be served upon counsel of record through the Court's electronic service system.

Dated: July 7, 2016           **WILLIAMS, BRODERSEN & PRITCHETT LLP**

By    /s/ Thomas C. Brodersen
       Thomas C. Brodersen