UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEQUOIA FORESTKEEPER,<br><br>  Plaintiff<br><br>  v.<br><br>ERIC LA PRICE, in his official capacity as District Ranger for the Western Divide Ranger District of the Sequoia National Forest, et al.,<br><br>  Defendants | CASE NO. 1:16-CV-0759 AWI JLT<br><br>ORDER ON MOTION TO INTERVENE<br><br>(Doc. No. 10) |

   This is a National Environmental Policy Act case filed by Sequoia Forest Keeper ("SF") against the United States Forest Service and various Forest Service employees in their official capacities. The case involves approved logging activities in Sequoia National Forest, and the potential impact of those activities on Pacific fishers, a mammalian species that has been classified as a "sensitive species."

   On July 7, 2016, Sierra Forest Products ("SFP") filed a motion to intervene in this matter as a defendant. SFP is a California corporation that has been contracted to perform the logging activities at issue. Additionally, SFP is likely to bid on other logging contracts in the relevant area of Sequoia National Park.

   In its motion to intervene, SFP states that its contractual rights, its harvest use of the forest, and its economic interest in the timber supply all constitute significantly protectable interests under Federal Rule of Civil Procedure 24. However, SFP contends that its narrower contractual, use, and economic interests are not adequately represented by the Forest Service in this case. Therefore, SFP contends that it is entitled to intervene under Rule 24. Moreover, SFP represents

that SFK does not oppose this motion and that Defendants have taken no position on intervention by SFP.

Rule 24 in part requires a court to permit intervention of right by one who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2); Wilderness Soc'y v. United States Forest Serv., 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc). Thus, there is a four-part test that applies to Rule 24(a)(2) motions: "(1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action." Wilderness Soc'y, 630 F.3d at 1177. Courts are to follow "practical and equitable considerations" and construe Rule 24(a)(2) "broadly in favor of proposed intervenors." Id. at 1178.

Here, SFP has shown that intervention is appropriate. First, the motion is timely. The motion was filed a little over one month after SF filed its complaint, the case is still in the early stages, and a scheduling order has not been entered. See Citizens for Balanced Use v. Montana Wilderness Ass'n, 647 F.3d 893, 897 (9th Cir. 2011) (noting that a Rule 24 motion was timely where the motion was filed at an early stage in the proceedings, that is, within three months of the filing of the complaint and two weeks of the filing of an answer). Second, at a minimum, SFP's existing timber contracts are "significantly protectable" in relation to this litigation. See Sierra Club v. Espy, 18 F.3d 1202, 1207 (5th Cir. 1994); Center for Biological Diversity v. Gould, 2015 U.S. Dist. LEXIS 152592, *3-*4 (E.D. Cal. Nov. 10, 2015); Bark v. Northrup, 2013 U.S. Dist. LEXIS 177257, *7 (D. Or. Nov. 18, 2013). Third, SF seeks to halt or restrict logging activities in the relevant areas of Sequoia National Park. See Doc. No. 1 at p. 19. Such relief would either entirely prevent or restrict SFP from harvesting timber and acting fully on its contracts. Therefore, SFP's protectable interest in the timber contracts would be impaired. See Sierra Club, 18 F.3d at

1207; Gould, 2015 U.S. Dist. LEXIS 152592 at *3-*4; Bark, 2013 U.S. Dist. LEXIS 177257 at *8. Fourth, SFP has met its "minimal burden" by showing that Defendants' representation of SFP's protectable interest may be inadequate. See Forest Conservation Council v. United States Forest Serv., 66 F.3d 1489, 1498 (9th Cir. 1995).[1]  Defendants' interest is more focused on "broad public interests" and on complying with applicable laws; Defendants are not primarily focused on the economic interests of SFP. See id. at 1499; Sierra Club, 18 F.3d at 1208; Bark, 2013 U.S. Dist. LEXIS 177257 at *11-*17; Duysen Dec. ¶¶ 25-30.  Also, SFP has shown that Defendants have canceled or delayed timber sales due to environmental litigation in the past, including sales related to the relevant area of Sequoia National Forest. See Duysen Dec. ¶¶ 26-27.  Fifth, although not an enumerated consideration by the Ninth Circuit, the Court finds it significant that none of the existing parties have filed an opposition, and SF has not refuted SFP's representation that SF has no opposition to this motion.  Given these considerations, the Court will grant SFP's motion to intervene.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Sierra Forest Product's Rule 24(a)(2) motion to intervene (Doc. No. 10) is GRANTED; and

2. The Clerk shall add Sierra Forest Products as a defendant to the docket of this case.

IT IS SO ORDERED.

Dated:   January 4, 2017

_____
SENIOR  DISTRICT  JUDGE

---

[1] Abrogated on other grounds by Wilderness Soc'y v. United States Forest Serv., 630 F.3d 1173 (9th Cir. 2011).